# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| ESTATE OF JEREMY ISADORE LEVIN, et al., *Plaintiffs-Appellees*, JAMES OWENS, et al., *Plaintiffs-Appellants*, v. WELLS FARGO BANK, N.A., *Defendant-Appellee*, UNITED STATES OF AMERICA, *Intervenor-Appellee*. | No. 23-7080 |
| ESTATE OF JEREMY ISADORE LEVIN, et al., *Plaintiffs-Appellants*, JAMES OWENS, et al., *Plaintiffs-Appellees*, v. WELLS FARGO BANK, N.A., *Defendant-Appellee*, UNITED STATES OF AMERICA, *Intervenor-Appellee*. | No. 23-7082 |

## OWENS APPELLANTS' NON-BINDING STATEMENT OF ISSUES

Pursuant to Rule 10(b)(3)(A) of the Federal Rules of Appellate Procedure and this Court's June 29, 2023 Order, Appellants James Owens, et al., Judith Abasi Mwila, et al., and Rizwan Khaliq, et al. in No. 23-7080 ("Owens Appellants"), respectfully submit the following provisional, non-binding statement of the issues to be raised on appeal:

1. As this Court previously held, the funds at issue here are "blocked assets of [a] terrorist party" and therefore subject to attachment under § 201(a) of the Terrorism Risk Insurance Act ("TRIA"), Pub. L. No. 107–297, 116 Stat. 2322, 2337 (codified at 28 U.S.C. § 1610 note). *Est. of Levin v. Wells Fargo Bank, N.A.*, 45 F.4th 416, 423–24 (D.C. Cir. 2022). TRIA, however, excludes from the definition of "blocked asset" any property that is "subject to a license issued by the United States Government for final payment … [where] such license has been specifically required by statute other than the International Emergency Economic Powers Act" ("IEEPA"). TRIA, § 201(d)(2)(B)(i). Here, after the Owens Appellants obtained their writs of attachment, the United States obtained a license for transfer of the assets "[g]ranted under the authority" of IEEPA and "condition[ed] on the [government] furnishing a valid forfeiture order to the U.S. financial institution in possession of the [f]unds." *Owens v. Wells Fargo Bank, N.A.*, No. 21-cv-126 (D.D.C.), Dkt. No. 16-13. The first question is whether this conditional license issued under IEEPA

unblocked the assets and thus precluded the Owens Appellants from maintaining their writs.

2.     The prior exclusive jurisdiction doctrine dictates that "the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other *courts*[.]" *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976) (emphasis added). Shortly after the United States initiated a forfeiture action against the blocked terrorist funds in the district court, the Owens Appellants obtained writs of attachments against those funds in the same district court—the United States District Court for the District of Columbia—albeit from a different judge. The United States then successfully moved to transfer and reassign the Owens Victims' writ actions to the same judge hearing the forfeiture action. The second question is whether, under the prior exclusive jurisdiction doctrine, an earlier-filed action against property precludes a later-filed action against the same property that is pending in the *same* district court—even though TRIA entitles terrorism victims to attach a terrorist party's assets "[n]otwithstanding any other provision of law." TRIA, § 201(a).

3.     The FSIA permits attachment of foreign state property used for "a commercial activity." 28 U.S.C. § 1610(a)(7). The Supreme Court has long held that the purchase of goods is paradigmatic commercial activity. Here, a terrorist agent sent funds into the United States in order to purchase an oil tanker, and the United

2

States blocked the funds and initiated forfeiture proceedings against the funds. The third question is whether the district court erred in holding that the funds were ineligible for attachment under Section 1610 of the FSIA, 28 U.S.C. § 1610(a)(7), because of the government's forfeiture action, and because the district court concluded that the funds were not used for a commercial activity in the United States.

# CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2023, I electronically filed the foregoing document with the Clerk of Court for the United States Court of Appeals for the D.C. Circuit and accomplished service by using the appellate CM/ECF system.

　　　　　　　　　　　　　　　　　/s/ *Matthew D. McGill*
　　　　　　　　　　　　　　　　　Matthew D. McGill
　　　　　　　　　　　　　　　　　Jessica L. Wagner
　　　　　　　　　　　　　　　　　Gibson, Dunn & Crutcher LLP
　　　　　　　　　　　　　　　　　1050 Connecticut Avenue, N.W.
　　　　　　　　　　　　　　　　　Washington, DC 20036
　　　　　　　　　　　　　　　　　Telephone: 202.955.8500
　　　　　　　　　　　　　　　　　mmcgill@gibsondunn.com

　　　　　　　　　　　　　　　　　*Counsel for Owens Appellants*